FILED
United States Court of Appeals
Tenth Circuit

April 6, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JIMMY L. BOLINGER,

       Plaintiff - Appellant,

v.

GRAHAM-ROGERS, INC.,

       Defendant - Appellee.

No. 09-3225
(D. Ct. No. 2:08-CV-02011-EFM-DJW)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before **TACHA**, **MCKAY**, and **GORSUCH**, Circuit Judges.

---

Plaintiff-appellant Jimmy Bolinger was injured when he fell from a ladder while framing a house. At the time of his injury, Mr. Bolinger was employed by Don Camargo. Mr. Bolinger submitted a claim to Burlington Insurance Company, Mr. Camargo's insurer, but was denied coverage because the policy had been cancelled prior to the injury. Ultimately, Mr. Bolinger sued Mr. Camargo for damages in Kansas state court and obtained a $1 million default judgment.

In exchange for Mr. Bolinger's promise never to execute on the judgment, Mr. Camargo assigned to Mr. Bolinger his rights and claims against Graham-Rogers, Inc., the

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

company that had financed Mr. Camargo's insurance premiums and which had cancelled the policy with Burlington pursuant to the Premium Finance Agreement ("PFA") signed by Mr. Camargo.  In the event of default, the PFA gave Graham-Rogers the power to "cancel all policies" described therein "without necessity of notice to [Mr. Camargo]." The parties agree that Mr. Carmago failed to make a scheduled payment and thereby defaulted.

In his petition, Mr. Bolinger brought a single claim for breach of contract, alleging that Graham-Rogers breached the PFA by terminating the insurance policy prematurely. Although Mr. Bolinger concedes that Graham-Rogers had authority to cancel the policy due to Mr. Camargo's default, he argues that it canceled the policy one day too early on May 27, 2004, the same day Mr. Bolinger was injured.  Both parties moved for summary judgment, and the district court ruled in favor of Graham-Rogers.  Mr. Bolinger appeals the district court's decision, contesting that Graham-Rogers: (1) failed to provide sufficient notice to Mr. Camargo before cancelling the insurance policy; and (2) could not cancel the policy until May 28, 2004, pursuant to the ten-day grace period provided in its Notice of Intent to Cancel.

Based on our review of the record, the parties' appellate materials, and the relevant legal authority, we agree with the district court that the PFA clearly granted Graham-Rogers the right to cancel the policy at any time after Mr. Camargo's default. Accordingly, we AFFIRM the district court's grant of summary judgment in favor of

Graham-Rogers for substantially the same reasons articulated by the district court.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge